SARAH HANN SKELDING AND GEORGE SKELDING, PLAINTIFFS, v. EMMA POPPENGA, ARCHIE POPPENGA AND HARRY HOAGLAND, DEFENDANTS.

Decided February 26, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *John A. Matthews.*

*Contra, Max Finegold.*

PER CURIAM.

The plaintiffs, Sarah Hann Skelding and her husband, George Skelding, brought their action in this court against the defendants, Emma Poppenga, Archie Poppenga and Harry Hoagland, to recover compensation for injuries sustained by the plaintiffs through the alleged carelessness of the defendants. The case was tried at the Monmouth Circuit, and resulted in a verdict for $3,000 in favor of the wife, and in a verdict for $500 in favor of the husband, against the defendants.

The two defendants, Emma Poppenga and Archie Poppenga, obtained a rule to show cause why the verdicts should not be set aside. The other defendant, Harry Hoagland, is not included in the rule to show cause.

The salient facts of the case are that Mrs. Skelding, the wife of George Skelding, on December 2d, 1927, at about five o'clock in the afternoon, in a drizzling rain, was riding, by invitation, in an automobile owned by the defendant Emma Poppenga, and operated by her son, Archie Poppenga. Upon their return from Trenton, where they had been, and while the car was being operated on the road from Robbinsville to Hightstown, near Windsor, Mercer county, the car collided with an automobile being operated by the defendant Harry Hoagland in an opposite direction along the highway. The headlights of the cars were lit so they could have been readily seen by the drivers of the respective cars at some distance away if they had been on the alert. The road was straight, and was wet and slippery, and both cars appear to have been speeding between thirty to thirty-five miles an hour.

The two reasons given for setting aside the verdicts are— (1) that they are against the weight of the evidence; (2) that they are contrary to the charge of the court.

From a careful reading of the testimony, we have reached the conclusion that a jury was warranted in finding, under the circumstances disclosed by the testimony, as to the wet and slippery condition of the road, the speed with which both automobiles were being driven, and the fact that the drivers of the cars could have seen each other at a distance of more than two hundred feet away from the place at which their machines collided, that each of the drivers, if he had been alert, and had used ordinary care, could have avoided the accident. The case is a typical one of joint negligence on part of the operators of both automobiles.

There is no substance in the contention that the verdicts were against the weight of the evidence and against the charge of the court.

The rule is discharged, with costs.